**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Anuj Shah,** OSB No. 243717
Email: ashah@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Miles D. Schreiner** (*pro hac vice* application forthcoming)
Email: mschreiner@monteverdelaw.com
**Jonathan T. Lerner** (*pro hac vice* application forthcoming)
Email: jlerner@monteverdelaw.com
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, NY 10118
Telephone:    (212) 971-1341
Facsimile:    (212) 202-7880

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRADLEY A. HARTSOE, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VACASA, INC., a Delaware corporation; ROBERT GREYBER, JEFFREY PARKS, JOERG ADAMS, RYAN BONE, BENJAMIN LEVIN, CHAD COHEN, BARBARA MESSING, KARL PETERSON, and CHRIS TERRILL,<br><br>Defendants. | Case No.: 3:26-cv-00852<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>(15 U.S.C. § 78n(a), § 78t(a))<br><br>DEMAND FOR JURY TRIAL<br><br>**REDACTED PUBLIC VERSION** |

**CLASS ACTION ALLEGATION COMPLAINT**

Plaintiff Bradley A. Hartsoe ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and information and belief based upon, *inter alia*, the investigation of counsel, publicly available information, and books and records obtained by Plaintiff pursuant to Delaware's books and records statute, 8 Del. C. § 220, as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this putative class action against Vacasa, Inc. ("Vacasa" or the "Company"), its former Chief Executive Officer and director Robert Greyber ("Greyber"), and former directors Jeffrey Parks, Joerg Adams, Ryan Bone, Benjamin Levin, Barbara Messing, Karl Peterson, Chris Terrill, and Chad Cohen (collectively with Greyber the "Individual Defendants", and, together with Vacasa, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78n(a) and § 78t(a), and SEC Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9(a) ("Rule 14a-9").

2.     Plaintiff's claims arise in connection with the solicitation of Vacasa's public stockholders to vote in favor of the transaction whereby Casago Global, LLC ("Casago") acquired Vacasa (the "Merger") pursuant to an Agreement and Plan of Merger dated December 30, 2024 (the "Merger Agreement") for $5.30 in cash per share (the "Merger Consideration"). Greyber and Vacasa proceeded with the Merger in the face of superior offers of $5.83 per share from Davidson Kempner Capital Management LP ("Davidson Kempner"). Davidson Kempner's offer (the "Davidson Kempner Offer") was highly credible: the New York City headquartered firm is a prominent public and private equity investment company with approximately $40 billion in assets under management, several hundred employees, and an over 40 year operating history.

PAGE 1 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

3.      The definitive proxy statement that Vacasa filed with the Securities and Exchange Commission on Schedule 14A on March 28, 2025 to solicit shareholders to vote on the Merger (the "Merger Proxy") contained materially misleading statements concerning Vacasa's Financial Projections,[1] which were █████████ multiple times while the Merger process was underway. ██████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████, and the December 2024 Projections that Greyber and management ultimately authorized the Company's financial advisor to use to value the Company ████████████████████████████████████████████████████ ████████████.

4.      Greyber and management ████████ the Financial Projections in connection with procuring a fairness opinion from the Company's financial advisor, PJT Partners LP ("PJT Partners"), and to induce public shareholders to vote for the Merger. As further discussed below, Greyber was motivated to pursue a deal that was unfair to public stockholders because he was beholden to the Company's near-majority owners, a triplet of private equity firms[2] that decided to roll over their equity in Vacasa into equity in Casago instead of receiving the Merger Consideration (the "Rollover Stockholders"). Because the Rollover Stockholders received equity in post-close Casago—and because post-close Casago bore the upfront and/or financing cost of the Merger Consideration—the Rollover Stockholders and their representatives on the board were financially incentivized to minimize the value of the Merger Consideration. As further discussed below, the

---

[1] In chronological order, Vacasa prepared four sets of Financial Projections: the "May 2024 Projections", the "October 2024 Projections", the "December 2024 Projections", and the "March 2025 Projections" (collectively, the "Financial Projections").

[2] Vacasa's private equity ownership was as follows: Silver Lake (24.6% economic interest), Riverwood Capital (12.3% economic interest), and Level Equity Management (8.9% economic interest).

PAGE 2 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

equity in Casago that the Rollover Stockholders received in Casago was implicitly worth at least $0.53 more on a per share basis than the Merger Consideration given that Vacasa (and the Rollover Stockholders) rejected the Davidson Kempner offer.

5.      Plaintiff challenges the following statements as materially misleading insofar as they misrepresented ███████████ made from the October 2024 to December 2024 Projections and May 2024 to October 2024 Projections as "███████████":

---

(Merger Proxy at 91)

***Additional Prior Projections***

On October 15, 2024, at the request of the Special Committee, Company management prepared a prior version of the December 2024 Projections (the "October 2024 Projections"). The October 2024 Projections were reviewed by the Special Committee at a meeting of the Special Committee on October 17, 2024. The October 2024 Projections generally projected slightly higher levels, on a relative basis, of Net Revenue, Adjusted EBITDA (pre- and post-SBC), EBIT, Net Operating Profit After Tax and Unlevered Free Cash Flow across the projection period than the December 2024 Projections. The October 2024 Projections were subsequently updated by Company management on December 13, 2024, which are the December 2024 Projections, due to, among other things, sustained elevated levels of churn across the Company's business and continued headwinds in the vacation rental industry since the date on which the October 2024 Projections were prepared. In addition, prior to the formation of the Special Committee, on May 21, 2024, at the request of the Board, Company management prepared a prior version of the October 2024 Projections (the "May 2024 Projections"). The May 2024 Projections were reviewed by the Board at a meeting of the Board on May 24, 2024. The May 2024 Projections generally projected slightly higher metrics across the projection period as compared to the October 2024 Projections.

---

(Merger Proxy at 91)

***Additional Prior Projections***

On October 15, 2024, at the request of the Special Committee, Company management prepared a prior version of the December 2024 Projections (the "October 2024 Projections"). The October 2024 Projections were reviewed by the Special Committee at a meeting of the Special Committee on October 17, 2024. The October 2024 Projections generally projected slightly higher levels, on a relative basis, of Net Revenue, Adjusted EBITDA (pre- and post-SBC), EBIT, Net Operating Profit After Tax and Unlevered Free Cash Flow across the projection period than the December 2024 Projections. The October 2024 Projections were subsequently updated by Company management on December 13, 2024, which are the December 2024 Projections, due to, among other things, sustained elevated levels of churn across the Company's business and continued headwinds in the vacation rental industry since the date on which the October 2024 Projections were prepared. In addition, prior to the formation of the Special Committee, on May 21, 2024, at the request of the Board, Company management prepared a prior version of the October 2024 Projections (the "May 2024 Projections"). The May 2024 Projections were reviewed by the Board at a meeting of the Board on May 24, 2024. The May 2024 Projections generally projected slightly higher metrics across the projection period as compared to the October 2024 Projections.

---

PAGE 3 – **CLASS ACTION ALLEGATION COMPLAINT**

6. On December 30, 2024, Vacasa announced that it had entered into the Merger Agreement. As further discussed below, the Merger Consideration was inadequate and failed to provide stockholders fair value for their shares.

7. On March 17, 2025 and as amended on March 25, 2025, Davidson Kempner submitted its superior offer of $5.75 per share to Vacasa. And on March 30, 2025, Davidson Kempner increased its offer to $5.83 per share (as defined above, the "Davidson Kempner Offer").

8. On March 28, 2025, Vacasa filed the Merger Proxy with the SEC. The Merger Proxy was issued "by order of the Board of Directors", and was also signed by Greyber.

9. On April 21, 2025 Vacasa filed additional definitive proxy soliciting materials on Schedule 14A, which touted that institutional advisor Glass Lewis "recommended Vacasa shareholders vote 'for' [the] proposed merger with Casago" and that "Glass Lewis recognize[d] the extensive, thorough process Vacasa engaged in, and…support[s] the Board's recommendation for our proposed merger with Casago." The proxy filing failed to provide the full context of Glass Lewis's report and recommendation.

10. On April 29, 2025, Vacasa held its shareholder vote in connection with the Merger.

11. As a result of the materially misleading Proxy, a majority of Vacasa's stockholders voted in favor of the Merger, which closed on April 30, 2025.

12. Plaintiff seeks to recover damages that he and other similarly situated former stockholders suffered as a result of Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

PAGE 4 – **CLASS ACTION ALLEGATION COMPLAINT**

14.     This Court has personal jurisdiction over each Defendant because Vacasa was at all relevant times headquartered in Portland, Oregon and the Individual Defendants were at all relevant times officers or directors of Vacasa. Each Defendant conducted business in or maintained operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice. Moreover, "[w]here a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id*. at 1316.

15.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391(b)(2). Under 15 U.S.C. § 78aa, any suit or action to enforce any liability or duty created by the Exchange Act or rules and regulations thereunder may be brought in "the district wherein any act or transaction constituting the violation occurred" or "in the district wherein the defendant is found or is an inhabitant or transacts business[.]" *Id*. Here, Venue is proper in this District because a substantial portion of the acts or transactions constituting the violations at issue occurred in this District and Defendants are found in or inhabit or transact business in this District, based on the location of Vacasa's headquarters in Portland, Oregon.

PAGE 5 – **CLASS ACTION ALLEGATION COMPLAINT**

## THE PARTIES AND RELEVANT NON-PARTIES

### A.   Plaintiff

16.   Bradley A. Hartsoe was, at all relevant times, a holder of Vacasa common stock.

### B.   Defendants

17.   Vacasa is a Delaware corporation with principal executive offices located at 850 NW 13th Avenue, Portland, Oregon 97209. Prior to the consummation of the Merger, the Company listed its common stock on the Nasdaq under the ticker symbol "VCSA." Vacasa survived the Merger as a wholly owned subsidiary of Casago.

18.   Individual Defendant Robert Greyber was, at all relevant times, Vacasa's Chief Executive Officer and a director of the Company. Greyber was hired as CEO in September 2022, and was selected by or with the support of the representatives of the Rollover Stockholders on the board.

19.   Individual Defendant Jeffrey Parks was, at all relevant times, a director of the Company and an affiliate and representative of Riverwood. Parks is a co-founder and Managing Partner of Riverwood Capital.

20.   Individual Defendant Joerg Adams, was, at all relevant times, a director of the Company and an affiliate and representative of Silver Lake. Adams is a Managing Director of Silver Lake, which he joined in August 2006.

21.   Individual Defendant Ryan Bone, was, at all relevant times, a director of the Company and an affiliate and representative of Silver Lake.  Bone is a Director of Silver Lake, which he joined in 2013.

PAGE 6 – **CLASS ACTION ALLEGATION COMPLAINT**

22.    Individual Defendant Benjamin Levin, was, at all relevant times, a director of the Company and an affiliate and representative of Level Equity. Levin founded and currently serves as Chief Executive Officer of Level Equity Management, LLC.

23.    Individual Defendant Chad Cohen was, at all relevant times, a director of the Company.

24.    Individual Defendant Barbara Messing was, at all relevant times, a director of the Company.

25.    Individual Defendant Karl Peterson was, at all relevant times, a director of the Company.

26.    Individual Defendant Chris Terrill was, at all relevant times, a director of the Company.

**C.    Relevant Non-Parties**

27.    Davidson Kempner Capital Management LP (defined above as "Davidson Kempner") is an investment company headquartered in New York City.

## SUBSTANTIVE ALLEGATIONS

**A.    Background of Vacasa**

28.    Vacasa is a vacation rental management company. Prior to the Merger, Vacasa managed up to 40,000 vacation rentals across the U.S. and internationally.

**B.    Vacasa Management ▮▮▮▮ the Projections for Vacasa While Negotiating the Merger, and Defendants Issue the Materially Misleading Proxy**

29.    As set forth below, each iteration of the Financial Projections ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and these ▮▮▮ were not "▮▮▮▮▮▮▮".

PAGE 7 – **CLASS ACTION ALLEGATION COMPLAINT**

30.   For instance, ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ .

31.   Similarly, ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ .

32.   ████████████████████████████████████████████████, which

compares the May to October 2024 Projections and the October to December 2024 Projections on

a metric-by-metric basis:

**1.      May 2024 vs. October 2024 Projections – Comparable Metrics**

**May 2024 Projections to October 2024 Projections: Revenue**

| | **2024** | **2025** | **2026** | **2027** | **2028** |
|---|---|---|---|---|---|
| May 2024 Projections Net Revenue: | ██ | ██ | ██ | ██ | ██ |
| Oct. 2024 Projections Net Revenue: | ██ | ██ | ██ | ██ | ██ |
| Nominal Change: | ██ | ██ | ██ | ██ | ██ |
| % Change Compared to Prior: | ██ | ██ | ██ | ██ | ██ |

PAGE 8 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**May 2024 Projections to October 2024 Projections: UFCF**

|  | **2025** | **2026** | **2027** | **2028** |
|---|---|---|---|---|
| May 2024 Projections UFCF: | ■ | ■ | ■ | ■ |
| Oct. 2024 Projections UFCF: | ■ | ■ | ■ | ■ |
| Nominal Change: | ■ | ■ | ■ | ■ |
| % Change Compared to Prior: | ■ | ■ | ■ | ■ |

2.    **October 2024 Projections vs. December 2024 Projections – Comparable Metrics**

**October 2024 Projections to December 2024 Projections: Revenue**

|  | **2024** | **2025** | **2026** | **2027** | **2028** | **2029** |
|---|---|---|---|---|---|---|
| October 2024 Projections Net Revenue: | ■ | ■ | ■ | ■ | ■ | ■ |
| December 2024 Projections Net Revenue: | $914 | $835 | $863 | $930 | $997 | $1043 |
| Nominal change: | ■ | ■ | ■ | ■ | ■ | ■ |
| % Change Compared to Prior: | ■ | ■ | ■ | ■ | ■ | ■ |

**October 2024 Projections to December 2024 Projections: EBITDA Pre-SBC**

|  | **2024** | **2025** | **2026** | **2027** | **2028** | **2029** |
|---|---|---|---|---|---|---|
| Oct. 2024 Projections EBITDA Pre-SBC: | ■ | ■ | ■ | ■ | ■ | ■ |
| Dec. 2024 Projections EBITDA Pre-SBC: | -$22 | -$2 | $16 | $42 | $69 | $72 |
| Nominal Change: | ■ | ■ | ■ | ■ | ■ | ■ |
| % Change Compared to Prior: | ■ | ■ | ■ | ■ | ■ | ■ |

**October 2024 Projections to December 2024 Projections: EBITDA Post-SBC**

|  | **2025** | **2026** | **2027** | **2028** | **2029** |
|---|---|---|---|---|---|
| Oct. 2024 Adj. EBITDA Post-SBC: | ■ | ■ | ■ | ■ | ■ |
| Dec. 2024 Adj. EBITDA Post-SBC: | -$6 | $8 | $32 | $58 | $58 |
| Nominal Change: | ■ | ■ | ■ | ■ | ■ |
| % Change Compared to Prior: | ■ | ■ | ■ | ■ | ■ |

**October 2024 Projections to December 2024 Projections: EBIT**

|  | **2025** | **2026** | **2027** | **2028** | **2029** |
|---|---|---|---|---|---|
| October 2024 Projections EBIT: | ■ | ■ | ■ | ■ | ■ |
| December 2024 Projections EBIT: | -$16 | -$3 | $22 | $51 | $53 |
| Nominal Change: | ■ | ■ | ■ | ■ | ■ |
| % Change Compared to Prior: | ■ | ■ | ■ | ■ | ■ |

PAGE 9 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**October 2024 Projections to December 2024 Projections: NOPAT**

|  | 2025 | 2026 | 2027 | 2028 | 2029 |
|---|---|---|---|---|---|
| Oct. 2024 Projections NOPAT: | ██ | ██ | ██ | ██ | ██ |
| Dec. 2024 Projections NOPAT: | -$16 | -$3 | $16 | $37 | $39 |
| Nominal Change: | ██ | ██ | ██ | ██ | ██ |
| % Change Compared to Prior: | ██ | ██ | ██ | ██ | ██ |

**October 2024 Projections to December 2024 Projections: UFCF**

|  | 2025 | 2026 | 2027 | 2028 | 2029 |
|---|---|---|---|---|---|
| October 2024 Projections UFCF: | ██ | ██ | ██ | ██ | ██ |
| December 2024 Projections UFCF: | -$8 | $20 | $5 | $13 | $14 |
| Nominal Change: | ██ | ██ | ██ | ██ | ██ |
| % Change Compared to Prior: | ██ | ██ | ██ | ██ | ██ |

33.  ████, the ██████ described as ████████████████████████. ████ ████████████████████████ and left shareholders with a far more pessimistic picture of the Company's value.

34. On March 28, 2025, Defendants issued the Merger Proxy, which contained the materially false, misleading and/or omissive statements identified above.

35. By describing the ██████████ from the May 2024 Projections to the October 2024 Projections and the October 2024 Projections to December 2024 Projections as "████████████", the Proxy falsely described the ██████████████████ that Greyber and management made to the Financial Projections. In sum, instead of truthfully describing ████████ ██████—which were critically important to shareholders seeking to understand the value of the Company and assess the sale process—the Proxy concealed that management had ████████ ██████ Vacasa's Financial Projections during the sale process and in conjunction with procuring a fairness opinion.

PAGE 10 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

36.     Further, on April 21, 2025, Vacasa filed the Additional Proxy Materials that touted the Glass Lewis report as endorsing the Merger. The Additional Proxy Materials failed to provide the full context of Glass Lewis's report and recommendation.

37.     On April 29, 2025, Vacasa held its shareholder vote in connection with the Merger. As a result of the materially misleading Proxy, a majority of Vacasa's stockholders voted in favor of the Merger, which closed on April 30, 2025.

### C.     Loss Causation: Vacasa Stockholders Suffered Losses as a Result of the Materially False, Misleading, and Omissive Statements in the Proxy

38.     The Proxy caused Vacasa stockholders economic loss by inducing them to accept a sale that underpriced their shares by at least $0.53 per share, *i.e.* the additional value which shareholders would have received had Defendants pursued the proposed transaction with Davidson Kempner instead of the grossly unfair Merger.

39.     Davidson Kempner's superior offer of $5.83 per share was more than credible. The New York City based firm was founded in 1983 and has approximately $40 billion in assets under management, as compared to the equity value of approximately $131.5 million that Vacasa would have realized had all of its shares been cashed out at $5.83 per share pursuant to Davidson Kempner's offer. There is no reason to believe that Davidson Kempner lacked the capital resources to consummate its superior bid.

40.     Moreover, since the Merger could not have occurred without the approval of the Company's public shareholders, the Proxy was an essential link in the accomplishment of the Merger and the misleading statements induced enough shareholders to support the Merger and were the cause of the Class's economic loss.

PAGE 11 – **CLASS ACTION ALLEGATION COMPLAINT**

41.     Further, as a result of the materially false and misleading Proxy, shareholders were deceived into foregoing their appraisal rights. If the Proxy had not misled shareholders, shareholders would have elected to exercise their appraisal rights, and would have received more than the Merger Consideration in an appraisal, as the Company's fair value exceeded the Merger Consideration.

42.     If the Company's shareholders had not been misled by the above-referenced materially false and misleading statements and omissions, the Merger would not have been approved for the unfair Merger Consideration, which would have caused Casago to increase its offer, pursue the superior Davidson Kempner Offer, or enabled stockholders to keep their shares in a Company whose value was greater than the price paid in the Merger.

43.     Under any scenario, shareholders would have obtained or maintained greater value than the price they received for their shares and were thus financially damaged by the Merger.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated former public stockholders of Vacasa who held shares as of the March 12, 2025 record date for voting on the Merger and who had their shares exchanged for the Merger Consideration (the "Class"). Excluded from the Class are: (i) the Individual Defendants and members of their immediate family; and (ii) all other officers and directors of the Company and members of their immediate families.

45.     This action is properly maintainable as a class action because:

(a)     The Class is so numerous that joinder of all members is impracticable. As of the Record Date, there were 20,431,937 shares of Class A Common Stock and 2,119,723 shares of Class B

PAGE 12 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Common Stock outstanding and entitled to vote at the Special Meeting, held by hundreds to thousands of individuals and entities dispersed throughout the country. The actual number of former public stockholders of the Company will be ascertained through discovery;

(b)    There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual members, including: (i) whether Defendants misrepresented or omitted material information from the Proxy in violation of Section 14(a) of the Exchange Act; (ii) whether the Individual Defendants violated Section 20(a) of the Exchange Act; and (iii) whether the Class suffered damages.

(c)    Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

(d)    Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

(e)    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class;

PAGE 13 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

(f)    Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLAIMS FOR RELIEF

### COUNT I
### Against all Defendants
### for Violations of Section 14(a) of the Exchange Act

46.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.    Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

48.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

PAGE 14 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

49.     Defendants issued the Proxy and/or permitted the use of their names in the Proxy with the intention of soliciting shareholders' support for the Merger. Defendant Greyber signed and authorized the dissemination of the Proxy, which misrepresented the above-identified material information and rendered the above-identified sections of the Proxy materially false and misleading. Further, each of the Individual Defendants caused or allowed the Proxy to be issued with the intention of soliciting stockholder support of the Merger. The Proxy was issued "by order of the Board of Directors", further reflecting that the Individual Defendants assumed responsibility for its contents.

50.     Each of the Individual Defendants, by virtue of their roles as officers and/or directors of the Company, owed a duty under Section 14(a) and the Merger Agreement to carefully review the Proxy to ensure that it did not contain materially false or misleading statements or omit facts necessary to make statements therein not misleading. Each of the Individual Defendants should have known the truth concerning the above-referenced statements, and each of the Individual Defendants negligently failed to ensure such information was disclosed in the Proxy in a non-misleading fashion, in violation of Section 14(a) and Rule 14a-9. Each of the Individual Defendants was negligent in failing to carefully review the Proxy to ensure that the Proxy was materially truthful and non-misleading. The Individual Defendants utilized the materially false and misleading Proxy to solicit shareholders to accept the inadequate Merger Consideration.

51.     The Company is liable for violations of the Exchange Act as the issuing entity of the Proxy and based on the Individual Defendants' violation of the Exchange Act. The Individual Defendants' negligence is imputed to the Company.

PAGE 15 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

52.     The above-referenced information that was mispresented in the Proxy was material to Plaintiff and the Class, who were deprived of their right to cast an informed vote because such misrepresentations and omissions were not corrected prior to the vote on the Merger and rendered the above-refenced sections of the Proxy materially false or misleading.

53.     As a direct and proximate result of the dissemination of the materially false and misleading Proxy that Defendants used to obtain shareholder approval of the Merger, Plaintiff and the Class have suffered damages and actual economic losses (i.e., the difference between the value they received as a result of the Merger and the true value of their shares at the time of the Merger) in an amount to be determined at trial. By reason of the negligent acts and omissions detailed herein, Defendants are liable pursuant to Section 14(a) of the Exchange Act and SEC Rule 14a-9.

### COUNT II
### Against All Individual Defendants for Violations of Section 20(a) of the Exchange Act

54.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55.     The Individual Defendants acted as controlling persons of Vacasa within the meaning of Section 20(a) of the Exchange Act as alleged herein.

56.     By virtue of their positions as officers and/or directors of the Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the sale process described in the Proxy, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially false and misleading.

PAGE 16 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

57.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.

59.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and/or approving the Merger. The Proxy describes the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

60.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

61.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person, persons or an entity who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein.

62.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

63.     As a direct and proximate result of the Individual Defendants' conduct, Plaintiff and the Class have suffered damages and actual economic losses (i.e., the difference between the

PAGE 17 – **CLASS ACTION ALLEGATION COMPLAINT**

value they received as a result of the Merger and the true value of their shares at the time of the Merger) in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and his counsel as Class Counsel;

B.    Awarding Plaintiff and the Class compensatory and/or rescissory damages sustained as a result of Defendants' wrongdoing, including, but not limited to, pre-judgment and post-judgment interest;

C.    Granting Plaintiff and the Class the costs and disbursements of this action, including reasonable attorneys' fees, expert fees, and expenses;

D.    Awarding extraordinary and/or equitable relief as permitted by law, equity, and the federal statutory provisions sued upon hereunder; and

E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 28th day of April, 2026.

STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.

By: _____
    **Timothy S. DeJong**, OSB No. 940662
    **Anuj Shah,** OSB No. 243717

209 SW Oak Street, Suite 500
Portland, OR 97204

PAGE 18 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Telephone:  (503) 227-1600
Email:     tdejong@stollberne.com
           ashah@stollberne.com
-AND-

**Miles D. Schreiner** (*pro hac vice* application forthcoming)
**Jonathan T. Lerner** (*pro hac vice* application forthcoming)
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, NY 10118
Telephone:    (212) 971-1341
Facsimile:    (212) 202-7880
Email:        mschreiner@monteverdelaw.com
              jlerner@monteverdelaw.com

*Attorneys for Plaintiff*

PAGE 19 – **CLASS ACTION ALLEGATION COMPLAINT**

# EXHIBIT A

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF

I, Bradley A. Hartsoe ("Plaintiff"), declare, as to the claims asserted under the federal securities laws, that:

1.  Plaintiff has reviewed a draft of the complaint and has authorized the filing of a complaint substantially similar to the one reviewed.

2.  Plaintiff selects Monteverde & Associates PC and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against defendants.

3.  Plaintiff did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

4.  Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

5.  Plaintiff held 284 shares of Vacasa, Inc. common stock at all relevant times that are the subject of the complaint during the class period specified in the complaint.

6.  In the past three years, Plaintiff has not sought to serve nor has served as a representative party on behalf of a class in an action filed under the federal securities laws, unless otherwise specified below.

7.  Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing information is correct to the best of my knowledge.

Signed this ___4/25/2026___.

DocuSigned by:

*Brad Hartsoe*

4144A3D01EB74D5...

Bradley A. Hartsoe